Franklin Ciaccio Esq.
Alexander Malyshev, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
ciaccio@clm.com
malyshev@clm.com

Richard G. Wilson, Esq.
James F. Killian, Esq.
MASLON EDELMAN BORMAN & BRAND, LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
rich.wilson@maslon.com
james.killian@maslon.com

*Attorneys for U.S. Bank National Association, Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of the Trusteeship Created by JER CRE CDO 2005-1, Limited, and JER CRE CDO 2005-1, LLC, Relating to the Issuance of Notes in the Original Aggregate Principal Amount of $300,575,000 | Case No. 1:13-cv-2232 (JSR) |

### TRUSTEE U.S. BANK NATIONAL ASSOCIATION'S REPLY TO MORGAN STANLEY & CO. LLC'S AFFIRMATIVE CLAIM TO RES

Trustee U.S. Bank National Association, in its capacity as trustee under the Trust Indenture (solely in such capacity, "U.S. Bank"), through its undersigned counsel, and for its Reply to the Affirmative Claim to the Res ("Affirmative Claim"), contained in Morgan Stanley's June 7, 2013 Amended Answer and Affirmative claim to the *Res*, states as follows:

1. U.S. Bank denies the allegations set forth in Paragraph 1 of the Affirmative Claim, except to state that to the extent that paragraph attempts to characterize the nature of the action, U.S. Bank's Petition and the other pleadings filed with this Court are documents that speak for themselves.

2. U.S. Bank admits that the allegations set forth in Paragraph 2 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms.

3. U.S. Bank admits that the allegations set forth in Paragraph 3 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank further states that to the extent the last sentence of Paragraph 3 asserts a legal conclusion, no response is required.

4. As to Paragraph 4 of the Affirmative Claim, U.S. Bank admits that it holds the funds in question solely in its capacity as Indenture Trustee and subject to the terms and conditions of the Indenture. U.S. Bank further refers the Court to the terms of the Indenture and U.S. Bank's Prayer for Relief in the Petition for a full and accurate statement of the same. U.S. Bank denies the remaining allegations set forth in Paragraph 4 of the Affirmative Claim, except to admit that to the extent the Trustee commenced the above-captioned action, the Petition initiating the same is a document that speaks for

itself. U.S. Bank further states that to the extent the last sentence of Paragraph 4 purports to seek a legal conclusion, no response is required.

5.  U.S. Bank denies the allegations set forth in Paragraph 5 of the Affirmative Claim, except to admit to the extent that paragraph references the Indenture, the Indenture is a document that speaks for itself. U.S. Bank further states that to the extent the last sentence of Paragraph 5 asserts a legal conclusion, no response is required.

6.  U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Affirmative Claim, and therefore denies the same on that basis.

7.  U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Affirmative Claim, and therefore denies the same on that basis.

8.  U.S. Bank admits the allegations set forth in Paragraph 8 of the Affirmative Claim.

9.  U.S. Bank admits the allegations set forth in Paragraph 9 of the Affirmative Claim.

10.  The allegations set forth in Paragraph 10 of the Affirmative Claim assert legal conclusions that require no response from U.S. Bank. U.S. Bank further states that to the extent the allegations set forth in that paragraph purport to refer to portions of the Indenture or other documents at issue in this action, the Court is respectfully referred to the Indenture at issue or those documents for a full and accurate statement of their

contents. U.S. Bank denies any characterization inconsistent with the terms of the Indenture or other documents at issue in this action.

11. The allegations set forth in Paragraph 11 of the Affirmative Claim assert legal conclusions that require no response from U.S. Bank. U.S. Bank further states that to the extent the allegations set forth in that paragraph purport to refer to portions of the Indenture or other documents at issue in this action, the Court is respectfully referred to the Indenture at issue or those documents for a full and accurate statement of their contents. U.S. Bank denies any characterization inconsistent with the terms of the Indenture or other documents at issue in this action.

12. The allegations set forth in Paragraph 12 of the Affirmative Claim assert legal conclusions that require no response from U.S. Bank. U.S. Bank further states that to the extent the allegations set forth in that paragraph purport to refer to portions of the Indenture or other documents at issue in this action, the Court is respectfully referred to the Indenture at issue or those documents for a full and accurate statement of their contents. U.S. Bank denies any characterization inconsistent with the terms of the Indenture or other documents at issue in this action.

13. .The allegations set forth in Paragraph 13 of the Affirmative Claim assert legal conclusions that require no response from U.S. Bank. U.S. Bank further states that to the extent the allegations set forth in that paragraph purport to refer to portions of the Indenture or other documents at issue in this action, the Court is respectfully referred to the Indenture at issue or those documents for a full and accurate statement of their

contents. U.S. Bank denies any characterization inconsistent with the terms of the Indenture or other documents at issue in this action.

14.     U.S. Bank admits that the allegations set forth in Paragraph 14 of the Affirmative Claim purport to interpret U.S. Bank's tasks under portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank further states that to the extent Paragraph 14 asserts a legal conclusion, no response is required.

15.     U.S. Bank admits that the allegations set forth in Paragraph 15 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms.

16.     U.S. Bank admits that the allegations set forth in Paragraph 16 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank further states that to the extent Paragraph 16 asserts a legal conclusion, no response is required.

17.     U.S. Bank admits that the allegations set forth in Paragraph 17 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank

further states that to the extent Paragraph 17 asserts a legal conclusion, no response is required.

18.  U.S. Bank admits that the allegations set forth in Paragraph 18 of the Affirmative Claim refer to a notice, but respectfully refers the Court to the notice itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the notice's terms.

19.  U.S. Bank admits that it received a Declaration of Acceleration from the Controlling Party dated April 10, 2012 as set forth in Paragraph 19 of the Affirmative Claim, but respectfully refers the Court to that document itself for a full and accurate statement of its contents. The remaining allegations in Paragraph 19 assert legal conclusions to which no response is required.

20.  U.S. Bank admits that the allegations set forth in Paragraph 20 of the Affirmative Claim refer to a communication, but respectfully refers the Court to the communication itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the communication's terms.

21.  U.S. Bank admits that the allegations set forth in Paragraph 21 of the Affirmative Claim refer to and purport to interpret portions of a notice, but respectfully refers the Court to the notice itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the notice's terms.

22.  U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Affirmative Claim, and therefore denies the same on that basis.

23.     U.S. Bank admits that the allegations set forth in Paragraph 23 of the Affirmative Claim reference portions of the Petition, but respectfully refers the Court to the Petition itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Petition's terms.

24.     U.S. Bank admits that the allegations set forth in Paragraph 24 of the Affirmative Claim reference a notice, but respectfully refers the Court to the notice itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the notice's terms.

25.     U.S. Bank admits Morgan Stanley removed this case to the United States District Court for the District of Minnesota, and filed a motion to transfer venue to the United States District Court for the Southern District of New York. Except as so admitted, U.S. Bank states that a notice was sent to noteholders on or about November 29, 2012, respectfully refers the Court to the notice itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the notice's terms.

26.     U.S. Bank admits the allegations set forth in Paragraph 26 of the Affirmative Claim.

27.     U.S. Bank admits the allegations set forth in Paragraph 27 of the Affirmative Claim.

28.     U.S. Bank admits that the allegations set forth in Paragraph 28 of the Affirmative Claim reference a notice to noteholders issued on April 24, 2013,

respectfully refers the Court to the notice itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the notice's terms.

29. U.S. Bank admits that the allegations set forth in Paragraph 29 of the Affirmative Claim reference various notices of appearance, but respectfully refers the Court to the notices themselves for a full and accurate statement of their contents, and otherwise denies any characterization inconsistent with the notices' terms.

30. U.S. Bank admits that the allegations set forth in Paragraph 30 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank further states that to the extent Paragraph 30 asserts a legal conclusion, no response is required.

31. U.S. Bank admits that the allegations set forth in Paragraph 31 of the Affirmative Claim purport to interpret portions of the Indenture, but respectfully refers the Court to the Indenture itself for a full and accurate statement of its contents, and otherwise denies any characterization inconsistent with the Indenture's terms. U.S. Bank further states that to the extent Paragraph 31 asserts a legal conclusion, no response is required.

WHEREFORE, U.S. Bank, in its capacity as Trustee, respectfully requests the Court enter an order directing and instructing the Trustee to act consistently with the provisions of the Indenture and the Prayer for Relief as set forth in the Petition, and for any other relief the Court deems just and proper.

Dated: June 27, 2013                    CARTER LEDYARD & MILBURN LLP


By: *[signature: Franklin Ciaccio]*
Franklin Ciaccio Esq.
Alexander Malyshev, Esq.
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
ciaccio@clm.com
malyshev@clm.com

Richard G. Wilson, Esq.
James F. Killian, Esq.
MASLON EDELMAN BORMAN &
BRAND, LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
rich.wilson@maslon.com
james.killian@maslon.com

*Attorneys for U.S. Bank National Association, Trustee*